IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROY HORTON,**

        **Plaintiff,**

*vs.*                                             CIVIL ACTION NO. 1:09CV114

**LT. WESLEY DOBBS, Marion Co.
Sheriff's Dept.; OFFICER BENSON,
Transportation Officer, Marion Co.
Sheriff's Dept.; OFFICER B. KIMBALL,
Booking Officer, North Central Regional Jail;
GEORGE TRENT, Administrator,
North Central Regional Jail;**

        **Defendants.**

## ORDER/OPINION

On August 4, 2009, Plaintiff, *pro se*, Roy Horton filed his Complaint in this Court [DE 2]. On September 10, 2009, Defendants Kimball and Trent filed Answers to the Complaint [DE 16]. On September 14, Defendants Benson and Dobbs filed Answers to the Complaint [DE 17, 18]. On September 29, 2009, Plaintiff filed a "Response to All Defendants Answer" [sic], along with four Exhibits [DE 19]. Under Rule 7 of the Federal Rules of Civil Procedure, the only pleadings allowed are a Complaint; an Answer to a Complaint; an Answer to a Counterclaim Designated as a Counterclaim; an Answer to a Counterclaim; a Third-party Complaint; an Answer to a Third-Party Complaint; and **if the court orders one**, a Reply to an Answer. There has been no counterclaim or third-party complaint filed by any of the defendants. Nor has the Court ordered a reply to an answer. Plaintiff's "Response to All Defendants Answer" [sic] is properly designated as a Reply to an Answer, which is not permitted under the Federal Rules. The Court therefore **STRIKES** "Plaintiff's Response to All Defendants Answer" [DE 19].

The Court having stricken Plaintiff's Response to All Defendants Answer, Plaintiff's

"Amendment to Plaintiff's Response to Defendants Answer to Complaint" [DE 21] is likewise **STRICKEN**. Insofar as this pleading was deemed a Motion, said Motion [DE 21] is **DENIED**.

Plaintiff has also filed a "Motion to Incorporate Exhibits," requesting the Court incorporate 25 additional exhibits into the record [DE 20]. Upon review, the Court notes that these exhibits were already referenced in the Complaint, but had not been submitted with it. The Court therefore finds the exhibits incorporated by reference, and Plaintiff's "Motion to Incorporate Exhibits" [Docket Entry 20] is therefore **GRANTED**.[1]

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record, and to Roy Horton, Plaintiff *pro se* by Certified United States Mail.

DATED: November 5, 2009

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that several of Plaintiff's filed documents contain personal data identifiers. Pursuant to the E-Government Act of 2002, as amended on August 2, 2004, "parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all pleadings filed with the court, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the Court:" Social Security numbers, Names of minor children, Dates of birth, Financial account numbers, and Home address. "**The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk will not review each pleading for compliance with this rule.**" Plaintiff having filed these documents himself, the responsibility for having done so rests solely with him. For future reference, the Court directs Plaintiff to its website at http://www.wvnd.uscourts.gov/Privacy%20Policy%20.pdf