IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROY HORTON,

      Plaintiff,

vs.                                          CIVIL ACTION NO. 1:09CV114

LT. WESLEY DOBBS, Marion Co.
Sheriff's Dept.; OFFICER BENSON,
Transportation Officer, Marion Co.
Sheriff's Dept.; OFFICER B. KIMBALL,
Booking Officer, North Central Regional Jail;
GEORGE TRENT, Administrator,
North Central Regional Jail;

      Defendants.

## ORDER/OPINION DECIDING DE 77, 82 AND 83

### I.

### Procedural History

On August 4, 2009, Plaintiff, *pro se*, Roy Horton filed his Complaint in this Court [DE 2]. On September 10, 2009, Defendants Kimball and Trent filed Answers to the Complaint [DE 16]. On September 14, Defendants Benson and Dobbs filed Answers to the Complaint [DE 17, 18]. On July 12, 2010, Plaintiff filed a "Motion to Join Additional Party" [DE 55]. On July 28, 2010, Defendants Kimball and Trent filed a "Motion to Strike Plaintiff's Motion to Join Additional Party" [DE 60]. On August 3, 2010, Plaintiff filed his Response to the Motion to Strike [DE 63]. In his Motion Plaintiff sought leave of court to join John L. King II as a defendant "in Plaintiff's Fifth Cause of Action". By Order dated August 4, 2010 the court granted Horton leave to file an amended complaint (Solely amending Count Five to include Mr. King) and ordered him to do so by August 20, 2010.

August 23, 2010 Horton filed a hand written motion seeking an order from the court granting

him a minimum of one hour per day and access to a copy machine to prevent censorship of his legal materials. [DE 77].

Horton filed his Motion to correct a clerical statutory citation error in his hand written amended complaint [DE 82].

Horton also filed is Request For Leave Of The Court To Supplement the record with a typewritten version of his corrected amended complaint [DE 83].

The motions are not complex and do not require a response from Defendants or a hearing.

## **II.**

### **Discussion**

Horton is incarcerated in the Tygart Valley Regional Jail within the Northern District of West Virginia.

Horton's DE 77 motion is docketed as a motion for injunctive relief. The standard for granting injunctive relief in this circuit is set forth in Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342 (4th Cir.2009). As articulated in Real Truth, before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Id*. at 346 (citations omitted).

To the extent Horton's motion is construed as a petition for mandatory injunctive relief, because Horton has already filed a handwritten amended complaint, corrected a citation in the same and filed a typewritten version of the corrected amended complaint, Horton cannot meet the second prong of the Real Truth test. *Id.* In essence, the filings of record render Horton's request for injunctive relief moot.

Moreover, the undersigned simply does not have the authority to compel the Warden of the Huttonsville Correctional Center to allow an inmate additional access to the law library without a showing of the infringement of a constitutional right. Horton does not allege he has been denied access to the law library. He simply complains he did not get enough time and help when he wanted it and he did not get it in time for him to meet this Court's ordered deadline of August 20, 2010 within which to file his amended complaint. Specifically, Horton states: "6) On Monday, August 16, 2010, Plaintiff was allowed access to the law library at approximately 2:30 p.m. At 3:45 p.m. , Plaintiff was advised by Officer Wolfong that he had an outside doctors appointment. 7) Plaintiff was not allowed access to the law library again until Thursday, August 19, 2010. Plaintiff completed the formal Amended Complaint and requested the necessary copies to provide defendants counsel of record. 8) Officer Evans advised Counselors Trader and Hutson of Plaintiff's request and they both indicated that the were to [sic] busy to make copies for Plaintiff even though Counselor Trader was made personally aware of the Courts [sic] deadline on Monday, August 16, 2010." In this case, the plaintiff has made no such showing. In fact, the facts shown by the filings of record on the docket of this case show the contrary.

The sole purpose of allowing an inmate access to a law library is to assure that the prisoner has some form of meaningful access to the Courts. <u>Bounds v. Smith</u>, 430 U.S. 817(1977). The above asserted facts show Horton has access to the Court. Horton has ample opportunity to access the prison law library to prepare his case. There mere fact he does not get what he wants precisely when he may want it is not a basis for interference by the Court. "Decisions concerning daily operations of institution are committed to professional expertise of prison officials and Federal Courts should ordinarily defer to administrator's judgment with regard to such matter. <u>Preast v. Cox</u>, 628 F.2d 292 (4th Cir 1980). "Prison regulations may reasonably limit the time, place, and manner of legal research without transgressing on prisoner's constitutional right of access to the Courts." <u>Gittlemacker v. Prasse</u>, 428 F.2d 1, 7 (3rd Cir. 1970). The Constitution does not guarantee a prisoner

unlimited access to the law library. Lindquist v. Idaho State Board of Corrections et al, 776 F.2d 851, 858 (9th Cir 1985). The docket [DE 76] confirms Horton's assertion in paragraph 3 of his motion to the effect that he hand wrote an amended complaint and filed it by August 13, 2010, well before the Court Ordered deadline of August 20, 2010. In addition, since the filing of the subject motion, Horton has filed his Request For Leave Of The Court To Supplement The Record [DE83] on August 27, 2010 which amounts to a request to file the typewritten Amended Complaint modified to correct an error in accord with his August 27, 2010 Motion to Correct Error [DE 82] with respect to an erroneous statutory cite in his handwritten amended complaint. These filings show he has had access to the law library and copy machine rendering the relief sought in the subject motion moot.

Even if he had plead sufficient facts to establish an infringement of a constitutional right, such a claim would be an issue unrelated to the substance of the plaintiff's underlying complaint. Thus, to the extent that this Court could review the issue, the plaintiff would be required to raise it in a separate complaint, after the proper exhaustion of administrative remedies. Horton has not done so.

## III.

### Decision

For the reasons stated herein Horton's motion for to the extent it is docketed as a motion for injunctive relief and the relief it requests [DE 77] is **DENIED** and the Clerk is directed to remove the same from the docket of motions actively pending before the Court. For reasons apparent from the record Horton's [DE 82] Motion to Correct typographical error in paragraph 2 of the handwritten amended complaint filed August 13, 2010, is **GRANTED** and the Clerk is directed to remove the same from the docket of motions actively pending before the Court. For reasons apparent from the record Horton's [DE 83] Request For Leave Of The Court To Supplement The Record by filing the incorporated typewritten version of the Amended Complaint is **GRANTED** and the Clerk is directed to remove the same from the docket of motions actively pending before the Court.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record, and to Roy Horton, Plaintiff *pro se* by Certified United States Mail.

DATED: August 27, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE