FILED

OCT 05 2010

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROY HORTON,

Plaintiff,

vs.  CIVIL ACTION NO. 1:09CV114

LT. WESLEY DOBBS, Marion Co.
Sheriff's Dept.; OFFICER BENSON,
Transportation Officer, Marion Co.
Sheriff's Dept.; OFFICER B. KIMBALL,
Booking Officer, North Central Regional Jail;
GEORGE TRENT, Administrator,
North Central Regional Jail;

Defendants.

## ORDER/OPINION

On September 30, 2010, Plaintiff, *pro se*, Roy Horton ("Horton") filed a Motion to Compel Discovery [Docket Entry 108]. That same date, Defendant, Lieutenant Wesley Dobbs ("Dobbs"), through counsel, filed a Response to the Motion [Docket Entry 109]. In his Motion, Horton asserts that neither Defendant Dobbs nor Defendant George Trent ("Trent") served any responses to Horton's Request for the Production of Documents. Trent has not filed any Response to the Motion to Compel, nor is one yet due.

In their Response to the Motion to Compel, Keith Hoover and Wendy Greve, counsel for Dobbs, represent to the Court that on or about July 26, 2010, they received two copies of "Request for Production of Documents" from Horton directed to Defendant Trent. Counsel attached as Exhibit One, two copies of "Request for Production of Documents" that are identical. Each is

directed to Defendant Trent, and the requests are consistent with requests that would be directed to Trent, in his position as a jail administrator, but not with Dobbs' position as a County law enforcement officer.

Upon review of the docket for this matter, the Court notes that Horton had filed his actual discovery requests with the Court. The clerk properly filed only the Certificate of Service for the discovery and placed the actual requests in the paper file. That Certificate of Service [Docket Entry 59] alleges service only on Dobbs. Further, upon review of the actual file, the only requests for production of documents contained in the file are for Dobbs. The Court therefore simply has no evidence that Trent was ever served with the requests for production.

Attorney Hoover represents to the Court, in his Response signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, that he received only requests for production directed at Trent, and not his own client, Dobbs. He represents to the Court that he believes the requests directed to Trent and the requests directed to Dobbs were mistakenly served on the wrong parties. In a letter written to the clerk by Horton, he advises that attorney Gamble, counsel for Trent, had informed him he did not receive the requests for his client Trent. The Court notes that the Certificate of Service filed with the Court mistakenly identifies attorney Hoover as counsel for both Dobbs and Trent.

Because the Court cannot be absolutely certain which discovery requests were actually served upon which defendant, the Court **DENIES** Horton's Motion to Compel [Docket Entry 108] without prejudice.

In its discretion and in an effort to more efficiently move this matter toward resolution by trial or otherwise, the Court has attached to this Order the Requests for Production of Documents which appear to be directed toward Defendant Dobbs and Defendant Trent, respectively. The Court directs counsel for each of these defendants to serve their responses to the appropriate requests, as

if they had been served on the date of entry of this Order.

Any Motion to Compel shall be filed within 30 days of the date any such responses are due.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record, and to Roy Horton, Plaintiff *pro se* by Certified United States Mail.

DATED: October 5, 2010.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE