# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROY HORTON,
    Plaintiff,

vs.               CIVIL ACTION NO. 1:09CV114

LT. WESLEY DOBBS, Marion Co.
Sheriff's Dept.; OFFICER BENSON,
Transportation Officer, Marion Co.
Sheriff's Dept.; OFFICER B. KIMBALL,
Booking Officer, North Central Regional Jail;
GEORGE TRENT, Administrator,
North Central Regional Jail,
    Defendants.

## ORDER/OPINION

On January 31, 2011, Plaintiff, *pro se*, filed a "Motion to Estop Defendant Wesley Dobbs [sic] Opportunity to Relitigate Issues Already Decided in State Court" [Docket Entry 158]. Defendant Wesley Dobbs filed his Response to the Motion on March 8, 2011 [Docket Entry 174].[1]

In his Motion, Plaintiff moves the Court to estop Defendant Dobbs from relitigating "issues already decided and final in State of West Virginia v. Roy Horton, Case No. 08-M-289 and 669, Magistrate Court of Marion County, West Virginia, when the State of West Virginia had full and fair opportunity to litigate all claims and to prevent waiver of res judicata defense by Plaintiff." (Plaintiff's brief at 1).

Defendant Dobbs is a home confinement officer for Marion County, West Virginia. Plaintiff Horton was placed on home confinement in Marion County on June 9, 2008, after his conviction on two counts of driving while license revoked for DUI, Second Offense. Plaintiff at the time signed an agreement that included provisions that he not consume or have in his possession any alcoholic beverages nor associate with anyone possessing or consuming same, and also permitting the home

---

[1]Defendant was granted an enlargement of time to file his Response.

incarceration officer into his residence at any time, announced or unannounced.

On July 25, 2008 Fairmont Police Officer Glen Staley arrested Plaintiff for DUI.[2] According to Plaintiff Officer Staley did not charge Plaintiff with a criminal offense, nor did he issue a citation. On July 30, 2008, however, Officer Dobbs petitioned the Court for a Warrant for Plaintiff's arrest for violation of his home confinement agreement. On July 31, 2008, Defendant Dobbs arrested Plaintiff. Plaintiff was brought before Magistrate Peggy Twyman, who arraigned him and held a preliminary hearing. She found probable cause, set bail in the amount of $531.00, and issued a Jail Commitment Order. Defendant Dobbs took Plaintiff to the jail transport facility, advising he had one hour to arrange bail before he would be transported to the regional jail. Bond was posted and Magistrate Twyman released Plaintiff that same date.

On or about August 5, 2008, Defendant Dobbs arrested Plaintiff at his residence for subsequent alleged violations of his home confinement agreement. Defendant Dobbs signed an order committing Plaintiff to the regional jail that same date, and Plaintiff was transported to the regional jail where he remained until a hearing scheduled for September 23, 2008.

On September 23, 2008, Plaintiff appeared before Marion County Magistrate Melissa Linger for a final revocation hearing in the State cases listed above. The State of West Virginia was represented by Marion County Prosecuting Attorney Eric Wildman. Plaintiff was represented by Attorney David Anderson.

Defendant Dobbs testified to the contents of Fairmont Patrolman Glen Staley's incident report, and testified that based on that reported requested a warrant for Plaintiff's arrest be issued for violation of his home confinement agreement. He also testified that he received information that

---

[2]Plaintiff alleges this was an unlawful arrest, arguing that Officer Staley did not actually see him operating a vehicle while under the influence. That fact is not relevant to the issue presently before the Court, however.

Plaintiff was seen walking outside with a case of beer on August 5, 2008. He testified he went to Plaintiff's residence where an "unknown black female" allowed him and another officer in. He testified he saw a bottle of vodka and two bottles of beer on a table in the residence. He testified that he found Plaintiff in the bathroom, and arrested him and committed him to the regional jail.

Plaintiff testified at the State hearing that he was never charged or cited for the July 25, 2008 DUI, and that Officer Staley was not present and therefore could not be cross-examined regarding the July 25, incident. Plaintiff further testified he had been imprisoned since August 5, 2008, when he was committed by Defendant Dobbs without an appearance before a magistrate.

Magistrate Linger checked her computer for arraignments on August 5, 2008, and determined Plaintiff had not been seen by any of the four Marion County magistrates. She also contacted the booking department at the jail. Upon review of these documents, according to Plaintiff, Magistrate Linger dismissed all allegations of home confinement violations and released Plaintiff from jail.

Plaintiff represents to the Court that Defendant Dobbs did not present the Home Incarceration agreement, referred by Plaintiff as "The Release of all Fourth Amendment Rights" at the hearing. Plaintiff argues that if Defendant Dobbs had produced that document at the hearing, "when the State of West Virginia had a full and fair opportunity to litigate all claims," Magistrate Linger "would have been compelled by law" to honor Plaintiff's waiver of all his Fourth Amendment rights. Plaintiff then argues that the fact that Magistrate Linger ordered the July 25, 2008 violation to be dismissed, established that the State did <u>not</u> prove: 1) Dobbs had reasonable cause; 2) Dobbs had authority to enter Plaintiff's residence and alleged that an unknown female had allowed entry; 3) Dobbs had reasonable cause to believe Plaintiff had been drinking on August 5, 2008; 4) Plaintiff possessed containers of alcoholic beverages in his residence on August 5, 2008; 5) Plaintiff violated his Order Granting Home Incarceration; and 6) Dobbs followed procedure in arresting Plaintiff without

obtaining a warrant first. Further, he argues the dismissal <u>did</u> prove that he was imprisoned from August 5, 2008, through September 23, 2008, without an initial appearance before a magistrate.

Plaintiff then states that "The Release of All Fourth Amendment Rights" signed by him on June 9, 2008, "was a complete defense to violation of the Fourth Amendment and W.Va. Code section 62-11B-9(c), and a complete defendant to Plaintiff's claims of false arrest and false imprisonment subject to waiver." (Plaintiff's brief at 9).

Even taking all of the facts as stated by Plaintiff as true, his motion cannot stand. In <u>Andrews v. Daw</u>, 201 F.3d 521 (4th Cir. 2000), the case cited by Plaintiff in support of his motion, the Fourth Circuit reiterated the factors required under the doctrine of res judicata as follows:

> To establish a res judicata defense a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.

<u>Citing</u> <u>Jones v.. SEC</u>, 115 F.3d 1173 (4th Cir. 1997).

The Court finds res judicata does not apply under these circumstances. First, although there was a final judgment in Plaintiff's revocation case, there is no evidence that that case reached the merits of whether Defendant Dobbs' acts violated Plaintiff's constitutional rights. Plaintiff's assumptions as to what the dismissal "means" aside, the case may have been dismissed for the sole reason that Plaintiff had not had an initial appearance before a magistrate for over 40 days while in jail. Second, there is clearly no identity of the cause of action in the two suits. Dobbs testified in a revocation proceeding regarding a criminal action, with the State prosecuting Plaintiff. Here he is suing Dobbs for violating his constitutional rights. Finally, and most importantly, there is not an identity of parties or their privies in the two suits. As noted, the parties to the revocation hearing were the State of West Virginia and Plaintiff (as criminal defendant). Dobbs was not a party, but merely a witness. "[T]he privity requirement assumes that the person in privity is so identified in

interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." Id. at 525. Further, Dobbs has been sued in his individual capacity. "A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." Id. (citing Restatement (Second) of Judgment section 36(2) (1982)). "The rationale for this rule is that in appearing as a representative of another, a person should be free to take positions inconsistent with those he might assert in litigation on his own behalf . . . ." Id.

Nor can Plaintiff use the doctrine of collateral estoppel to prevent Dobbs' use of evidence in his defense. The doctrine of collateral estoppel precludes relitigation of issues only where: (1) the "identical issue" (2) was actually litigated (3) and was "critical and necessary" to a (4) "final and valid" judgment (5) resulting from a prior proceeding in which the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue. Collins v. Pond Creek Mining Co., 468 F.3d 213 (4th Cir. 2006). Further, "The doctrine does not apply 'where the party against whom the doctrine is invoked had a heavier burden of persuasion on that issue in the first action that he does in the second, or where his adversary has a heavier burden in the second action than he did in the first.'" Id.

First, the issues Plaintiff wants precluded are not identical to any issues in the revocation proceeding. There was no issue of whether or not Dobbs was permitted by agreement to enter Plaintiff's residence. In fact, Dobbs testified that an unknown woman let him in. The issues Plaintiff wants precluded were not only "not actually litigated," but were not even mentioned in the criminal proceeding, and therefore was not "critical and necessary" to a valid judgment. Finally, Dobbs, the party against whom the doctrine is being asserted, did not have a fair and full opportunity to litigate the issue. He was merely a witness for the prosecution. He himself litigated nothing.

Further, as in McHan v. C.I.R., 558 F.3d 326 (4th Cir. 2009), here it is undisputed that the burdens in the criminal proceedings and in this civil litigation are not only different, but run in different directions. McHan stated: "In the criminal forfeiture proceeding the government had the burden of proof beyond a reasonable doubt. In the tax court, McHan had the burden of proof by a preponderance of the evidence." The same is true here. In the criminal proceeding the State had the burden of proof, while in this civil litigation, the Plaintiff has the burden of proof.

For all the above reasons, the Court finds neither res judicata nor the doctrine of collateral estoppel entitles Plaintiff to the relief he seeks. Therefore, Plaintiff's "Motion to Estop Defendant Wesley Dobbs [sic] Opportunity to Relitigate Issues Already Decided in State Court" [Docket Entry 158] is **DENIED**.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record, and to Roy Horton, Plaintiff *pro se* by Certified United States Mail.

DATED: March 16, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE