# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROY HORTON,
    Plaintiff,

vs.              CIVIL ACTION NO. 1:09CV114

LT. WESLEY DOBBS, Marion Co.
Sheriff's Dept.; OFFICER BENSON,
Transportation Officer, Marion Co.
Sheriff's Dept.; OFFICER B. KIMBALL,
Booking Officer, North Central Regional Jail;
GEORGE TRENT, Administrator,
North Central Regional Jail, JOHN L. KING, II,
Chief of Operations, WV Regional Jail Authority,

    Defendants.

## ORDER/OPINION DENYING MOTION TO STRIKE

On March 10, 2011, Defendants Kimball, Trent and King, through counsel, filed a Motion for Summary Judgment in this matter [Docket Entry 179]. Attached to the motion as Exhibit D, is "Affidavit of Melissa Linger." On April 14, 2011, Plaintiff, *pro se*, filed a "Motion to Strike Affidavit Submitted in Bad Faith Pursuant to Rule 56(g)" [Docket Entry 199]. Defendants filed their Response to the Motion on April 25, 2011 [Docket Entry 204].

In his Motion, Plaintiff moves the Court to strike the affidavit of Marion County Magistrate Melissa Linger, in accordance with Rule 56(g), "as being submitted in bad faith." Plaintiff also moves the Court to fine Magistrate Linger as being in contempt of court and to sanction Defendants' attorneys for "attempting fraud on the court." As grounds for his motion, Plaintiff quotes Magistrate Linger's affidavit at paragraphs 8, 11, and 12, which provide:

> 8. The North Central Regional Jail fulfilled its responsibility in detaining Mr. Horton as he was brought to the North Central Regional Jail with a properly signed commitment and release form signed by a home confinement officer.
>
> 11. The North Central Regional Jail followed the appropriate procedure in not releasing Mr. Horton as this could only have been done pursuant to an Order

> signed by a judicial official.
>
> 12. The Commitment and Release forms utilized by home confinement officers do not require the signature of a judicial officer.

Plaintiff argues that the Commitment and Release Form at issue is not a document for temporary commitment and denotes its authority on its face to commit a home confinement participant to the North Central Regional Jail and to Release a home confinement participant from the North Central Regional Jail without the signature of a judicial officer "thereby circumventing the neutral and detached judicial determination that the Fourth Amendment requires for probable cause before or promptly after arrest as a prerequisite to extended detention in the North Central Regional Jail and the release process mandated in W. Va. Code section 62-6-6a and Melissa Linger's affidavit is too incredible to be accepted by reasonable minds." (Plaintiff's motion at paragraph 3).

Plaintiff further argues that the affidavit is an "attempt in bad faith to convice [sic] this court that Home Confinement Supervisor's [sic] in North Central West Virginia can arrest a home confinement participant, find him/her guilt [sic] at will, commit them to jail without a judicial finding of guilty and the North Central Regional Jail fulfills its responsibility in imprisoning them." (Memorandum at 2.) Plaintiff further argues: "Based on Magistrate Linger's affidavit it's o'kay [sic] in America for the police to be the arresting officer, the judge, jury and executioner." Plaintiff continues:

> What can be more susceptible of being wrought into an engine of oppressive power, than that of depriving an individual of his liberty , and of consigning him to imprisonment upon the whim of a home confinement officer without a warrant or even a violation.

Plaintiff concludes that "Magistrate Linger by counsel is making a direct attack upon the Fourth Amendment."

Defendants first counter that 56(g) is not the proper Rule, because it was revised on

December 1, 2010. While Defendants are correct, and that Rule has been renumbered as 56(h), the Court does not hold that against the pro se Plaintiff, and, in fact, would not be at all surprised to learn numerous attorneys were unaware of the revisions to the Rule made only five months ago.

>Fed. R. Civ. P. 56(h) provides:
>
>If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court - - after notice and a reasonable time to respond - - may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Significantly, the advisory note applicable to the 2010 amendment to subdivision (h) provides:

>Subdivision (h) carries forward former subdivision (g) with three changes. <u>Sanctions are made discretionary, not mandatory, reflecting the experience that courts seldom invoke the independent Rule 56 authority to impose sanctions</u> . . . .

(Emphasis added).

Defendants argue that Plaintiff has no evidence to show any bad faith on the part of Magistrate Linger or counsel. Defendants further argue that a plain reading of the affidavit shows it does not stand for the propositions Plaintiff contends it does. Defendants argue that Magistrate Linger's affidavit says nothing about the Fourth Amendment or probable cause and therefore Plaintiff's arguments in that regard are irrelevant. Finally, Defendants argue that the affidavit does not address whether Defendant Dobbs had probable cause to arrest Plaintiff, and, in fact, was not prepared in support of Defendant Dobbs. Rather, it was prepared to address Magistrate Linger's personal knowledge of the procedures followed by the North Central Regional Jail after Plaintiff's arrest and transport to the jail.

As a threshold matter, Plaintiff does not suggest, nor does the Court find the affidavit was submitted "solely for delay."

As the First Circuit has found, "little case law" exists on the application of Rule 56(h). Fort Hill Builders, Inc. v. . Nat'l Grange Mut. Ins. Co., 866 F.2d 11 (1st Cir. 1989)(cited with approval in Cobell v. Norton, 214 F.R.D. 13, 55 Fed.R.Serv.3d 349 (D.D.C. 2003). Therefore, "as a practical matter, a court has wide discretion in deciding what constitutes 'bad faith' or whether the introduction of affidavits was 'solely for the purpose of delay[.]'" 10B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE SECTION 2742 (3d ed. 1998). In Cobell, the court examined cases in which other courts addressed the issue, noting that in SMS Assocs. v. Clay, 868 F.Supp. 337 (D.D.C. 1994), the district court awarded expenses against a defendant who had "engaged in dilatory tactics expressly designed to prolong this already unduly protracted litigation," "presenting affidavits made in bad faith and making untrue representations while under oath." In Rogers v. AC Humko Corp., 56 F.Supp.2d 972 (W.D. Tenn. 1999), the district court imposed sanctions against a defendant who had procured an affidavit from the plaintiff's supervisor falsely claiming that the supervisor had not known that plaintiff had applied for short-term disability before firing plaintiff. The court noted that "[a]t best, the affidavit contained a highly reckless representation of an important fact by Defendant's agent which representation Defendant never sought to expunge from the record despite subsequent notice as to its falsity. At worse, it was a deliberate and calculated misrepresentation abetted by counsel and designed to thwart justice and prevent a fair resolution of this case." In Warshay v. Guinness, PLC, 750 F.Supp. 628 (S.D.N.Y. 1990) the court imposed sanctions, concluding that if the plaintiff had not falsely alleged that he was not based in New York, it might have not have been necessary to deny the defendant's motion for summary judgment. In Barticheck v. Fidelity Union Bank, 680 F.Supp. 144 (D.N.J. 1988), the district court ordered sanctions after finding that one of the litigants had filed an affidavit contradicting her prior deposition testimony, in an attempt to create a material issue of fact. Finally,

in Acrotube, Inc. v. J.K. Fin. Group, Inc., 653 F.Supp. 479 (N.D.Ga. 1987), the district court granted sanctions, where the testimony offered by a litigant was "flatly at odds with facts indisputably within his knowledge."

On the other hand, in Fort Hill Builders, the First Circuit reversed the imposition of sanctions finding that the litigants' conduct at issue had neither been "particularly egregious" nor "entirely unwarranted." In Jaisan, Inc. v. Sullivan, 178 F.R.D. 412 (S.D.N.Y. 1998), the district court did not impose sanctions, finding the affidavit submitted "did not contain any perjurious statements or blatant falsehoods."

The court in Cobell did find the defendants' affidavit was presented to the court in bad faith and imposed sanctions. However, the court had indisputable evidence that an affidavit submitted to the court "contained material representations of a fact that defendants knew to be false."

The Court finds no evidence Magistrate Linger's affidavit contains any "perjurious statements or blatant falsehoods." There is no evidence that any of the paragraphs cited by Plaintiff were "flatly at odds with facts indisputably within [Magistrate Linger's] knowledge." The Court therefore finds the affidavit was not submitted in bad faith.

The proper method to challenge an affidavit attached to a motion for summary judgment is to challenge the admissibility of the evidence contained in the affidavit. See Rule 56(c)(2) and (4). Mere arguments as to probable lack of credibility of an affidavit cannot suffice to discredit that testimony. Instead, the court should not pass upon the credibility of opposing affiants unless the evidence tendered by them is "too incredible to be accepted by reasonable minds." Butler v. Bensinger, 377 F.Supp 870 (N.D. Ill. 1974). A Court on motion for summary judgment may not assess affiant's credibility. U.S. ex rel. and for Use of Pneumatic & Elec. Equipment Co. v. Continental Ins. Co., 44 F.R.D. 354 (E.D.Pa. 1968). The Court does not find, as Plaintiff argues, that

the affidavit is "too incredible to be accepted by reasonable minds."

The Court declines to assess Magistrate Linger's credibility; the Court does, however, find certain assertions in the affidavit to be legal conclusions of the type that would not be admissible in the manner in which they were stated. See Condos v. Conforte, 596 F.Supp 197 (D.C. Nev. 1984), in which the court found an affidavit consisting of "learned discussion as to law of probable cause" and affiant's expert opinion as to propriety of procedures followed in connection with preparation of criminal complaint, amounted to legal argument rather than evidentiary facts, and thus, could not be treated as factual support for Plaintiff's opposition to motion for summary judgment and was required to be stricken.

In this case, it appears to the Court that Magistrate Linger's assertions that the jail "fulfilled its responsibility" in detaining Mr. Horton as he was brought to North Central Regional Jail "with a properly signed commitment and release form signed by a home confinement officer, " and that the jail "followed the appropriate procedure" are, as in Condos, legal argument and not evidentiary facts. The Court therefore will not consider these as evidentiary facts, but may, in its discretion, consider them as evidence that based on her personal knowledge as a Magistrate, Linger considered the form to be proper. The Court therefore declines to strike the affidavit.

Upon consideration of all of the above, Plaintiff's "Motion to Strike Affidavit Submitted in Bad Faith Pursuant to Rule 56(g)" [Docket Entry 199] is **DENIED**.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record, and to Roy Horton, Plaintiff *pro se* by Certified United States Mail.

DATED: May 19, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE